### ATTORNEY GENERAL *vs.* BAY STATE BENEFICIARY ASSOCIATION.

Suffolk.   March 27, 1899. — September 14, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Beneficiary Association — Settlement in Insolvency — Priority.*

The appointment of a receiver under the provisions of St. 1890, c. 421, § 13, as amended by St. 1896, c. 515, § 6, to settle the affairs of an insolvent beneficiary association, is a proceeding within the exception of St. 1890, c. 421, § 10, which provides for priority of payment of claims established thereunder "over all indebtedness thereafter incurred, except as hereinafter provided in case of the distribution of assets of an insolvent corporation."

PETITION of Helen S. Clapp, the beneficiary named in a certificate of benefit membership, issued October 15, 1887, by the respondent to George S. Clapp, alleging that the claim of the petitioner, which had been reduced to a judgment, was a lien upon all the property, effects, and bills receivable of the association, with priority over all other indebtedness incurred after the date of the certificate, and that the funds of the association exceeded the amount of the petitioner's claim, and seeking to have the receivers of the association, who were appointed November 19, 1897, under the provisions of St. 1890, c. 421, § 13, as amended by St. 1896, c. 515, § 6, ordered to pay the claim in full. The answer of the receivers admitted all the allegations of the petition, except that the petitioner's claim was a lien upon the funds of the association entitled to priority of payment over subsequently accrued mortuary claims. The information of the Attorney General praying for the appointment of receivers, which was a part of the record in the case, alleged, and the court found, that upon investigation by the insurance commissioner of the resources of the company its condition was such as to render its further proceedings hazardous to the public and to those holding its policies.

At the hearing, before *Knowlton*, J., it was admitted that the association, organized June 2, 1881, under the laws of this Commonwealth, was subject to the provisions of St. 1890, c. 421, and that at the time of the appointment of receivers its accrued liabilities exceeded the amount of its assets.

*Knowlton*, J., at the request of the parties, reserved the case upon the pleadings and a report for the consideration of the full court.

*C. K. Cobb*, for the petitioner.

*H. C. Bliss*, for the receivers.

KNOWLTON, J. The petitioner has a claim whose validity is established, which, under the provisions of the St. 1890, c. 421, § 10, is a lien upon all the property of the corporation. In the language of this section, it has " priority over all indebtedness thereafter incurred, except as hereinafter provided in case of the distribution of assets of an insolvent corporation." The only question before us is whether the proceedings in which the claim is presented constitute a distribution of assets of an insolvent corporation within the meaning of the statute.

It is agreed that at the time of the appointment of the receivers the accrued liabilities against the association exceeded the amount of its assets. It was then and is now an insolvent corporation. This is a proceeding for the distribution of its assets. Unless there is something in the statute to indicate that some other case was intended, to the exclusion of cases of this kind, the claim must be held to be within the exception. In section 11 of this chapter there is a provision for the appointment of a receiver, and the distribution of the assets of such a corporation, when, upon an examination by the insurance commissioner after notice, it appears to him that its liabilities exceed its resources, and that it cannot within a reasonable time pay its accrued indebtedness in full.

In section 13 of this chapter, as amended by the St. 1896, c. 515, § 6, there is a provision that when the insurance commissioner, on investigation, is satisfied of any one of several other things in the condition or conduct of such a corporation, which it is unnecessary now to mention, or " that its condition is such as to render its further proceedings hazardous to the public or to its policy holders," the facts shall be reported to the Attorney General, and thereupon a receiver may be appointed " to take possession of the property and effects of the corporation, company, or association, and to settle its affairs, subject to such rules and orders as the court may from time to time prescribe, according to the course of proceedings in equity." We are of opinion that the settlement of the affairs of an insolvent corporation under this provision of the statute is a distribution of the assets such as is intended in the exception in § 10. We see no good reason why there should be a difference in the rules regulating the distribution of assets between a settlement of the affairs of a corporation under this section and a settlement under § 11. In neither section is there any express provision that the distribution shall be ratable; but the course of proceedings in equity in such cases calls for a distribution which shall be proportional, and which shall not give a preference, except where there is a lien or title which has precedence over the claims of general creditors. By the terms of the statute the petitioner's lien is not given precedence when there is a distribution of the assets of an insolvent corporation.

In the present case the proceedings were commenced under this provision of the statute. The information alleges, and the court finds, that after an investigation by the insurance commissioner of the resources of the company it appears that "its condition is such as to render its further proceedings hazardous to the public and to those holding its policies." There was, therefore, a decree for a ratable distribution of its assets.

We are of opinion that there is no good reason for construing the language of this exception narrowly, and that the petitioner is not entitled to priority in the payment of her claim.

*Decree accordingly.*